# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GADIEL HIDALGO-PERALTA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1810

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Gadiel Hidalgo-Peralta (Hidalgo) appeals the 57-month within-guidelines sentence imposed following his guilty plea conviction for illegally reentering the United States after deportation. Because Hidalgo did not object to his sentence in the district court, we review his challenge to the substantive reasonableness of the sentence for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Hidalgo acknowledges that under our precedent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50015

review is limited to plain error, but he argues that no reasonableness objection is needed to preserve error.  He asserts that the courts of appeals are currently divided on this matter and he wishes to preserve the issue for further review.

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.

Hidalgo contends that his sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) because his illegal reentry offense was essentially an international trespass and the illegal entry Guideline, U.S.S.G. § 2L1.2, is problematic because it is not empirically based and results in a double counting of his criminal history.  Additionally, he asserts that the sentence is greater than necessary to promote respect for the law and that it fails to adequately account for his personal history and characteristics.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Hidalgo contends the presumption should not be applied because § 2L1.2 lacks an empirical basis, but he concedes the issue is foreclosed, and he raises it only to preserve it for further review. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

We have rejected challenges to the substantive reasonableness of a sentence based on the same international-trespass, lack-of-empirical-basis, and double-counting arguments raised in this appeal. *See Duarte,* 569 F.3d at 530-31; *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Moreover, the record does not reflect that Hidalgo's sentence fails to "account

No. 15-50015

for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). Hidalgo's dissatisfaction with the district court's weighing of the § 3553(a) sentencing factors is insufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He has failed to demonstrate plain error. *See Puckett*, 556 U.S. at 135.

     AFFIRMED.